ROBERTS, et al v. JOHNSON, et al.

Circuit Court, Palm Beach County.

September 28 and November 25, 1954.

William M. Holland, West Palm Beach, for plaintiffs.

Harry Goodmark, West Palm Beach, for defendants Moses Johnson and Mary A. Johnson.

Roebuck & Roebuck, West Palm Beach, for defendant Janie Harris.

C. E. CHILLINGWORTH, Circuit Judge.

*September 28, 1954:* This cause was duly tried by the court. Plaintiffs seek the entry of a decree setting aside certain land as homestead land which they have acquired by descent and as to which they are now entitled to possession. The defendants, a niece and nephew of the widow of the father of the plaintiffs, resist plaintiffs' claim. They assert that the property was not in fact homestead and aside from that, plaintiffs are estopped by their conduct and laches.

Each side filed motions for summary decrees, which were denied.

Briefly stated, the evidence shows that Mingo Roberts died in August 1931 as the head of a family, residing on this property owned by him and located within a municipality. He left a will devising this home place to his widow and bequeathing $50 to each of his children, the plaintiffs. The children accepted the $50. Later, they brought suit asserting their interest in the homestead property as against the widow—but after the filing of pleadings by the parties, the suit was dismissed for lack of prosecution. The children permitted the widow to remain on the property until her death in 1950. This suit was brought February 5, 1954.

The evidence clearly establishes that the property was a homestead. The record is devoid of facts which would warrant the entry of a decree in favor of the defendants either on a theory of estoppel or laches. The delay of plaintiffs in not bringing this suit until they were entitled to possession of the land, did not prejudice these defendants.

The defendants during their actual occupancy and utilization of the premises since the death of the widow of Mingo Roberts, have received in rentals or in use value, approximately the sums they have paid out in disbursements on the property. Hence, no accounting appears warranted by this evidence.

The proof sustains the complaint.

Thereupon, it is ordered and adjudged that the equities of this cause are with the plaintiffs; that the property described as lot 1, block 2 of Rosemary Addition to the city of West Palm Beach, according to the public records of Palm Beach County, be decreed to be the homestead of Mingo Roberts, at the time of his death, August, 1931; that it descended to three children, John M. Roberts, Lanie Lee Ricks and Versa Sirman; that the widow of Mingo Roberts having died in 1950, these plaintiffs are entitled to a decree establishing title in Lanie Lee Ricks (as the successor in interest of the other two children) to the above described property; that Lanie Lee Ricks (or her successor in interest) is entitled to possession of said property; that the costs of this cause be taxed against the defendants; and that jurisdiction of this cause be retained for the purpose of enforcing this decree.

*November 5, 1954:* This cause was duly presented by counsel for the parties upon petitions for rehearing filed by the defendants.

It is urged that, regardless of all else, F. S. 95.23 bars the plaintiffs from proceeding in this suit, because of the lapse of more than twenty years from the probate of the will of Mingo Roberts, which took place in 1931.

But, Elnora Roberts, his widow, did not claim under the will. In her answers to the partition suit in 1934, she asserted first that the property was her homestead, as to which she was entitled to remain in possession during her lifetime, and then in her amended answer, that the deceased held the property in trust for her because of her contributions to the acquisition thereof, or that it was homestead.

However, it is clear that there was no claim under the will of Mingo Roberts, adverse to these plaintiffs for the requisite twenty years, during which these plaintiffs had not asserted by competent record title their adverse claim.

The other matters presented were also considered prior to the entry of the final decree. The petitions for rehearing are denied.